IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA LAZZARI,<br><br>　　　Plaintiff,<br><br>v.<br><br>MARK CUBAN, AMERICAN BROADCASTING COMPANY a/k/a ABC, ESPN INC., and WALT DISNEY CO.,<br><br>　　　Defendants. | Civil Action No. 3:14-CV-1926-M |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed suit against Defendants on May 28, 2014. [Dkt. No. 3]. In her Complaint, Plaintiff moves this Court to temporarily restrain Defendants from allowing Mark Cuban to appear on Shark Tank. Compl. ¶ 17. Plaintiff's application for a temporary restraining order is **DENIED**.

### I.  LEGAL STANDARD

A Plaintiff must demonstrate *each* of the following elements to be entitled to injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the court does not grant the requested relief; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of injunctive relief will not disserve the public interest. *See Deutsche Bank Nat. Trust Co. v. Sims*, No. 3:12-CV-05171-M-BK, 2012 WL 6651123, at *2 (N.D. Tex. Dec. 21, 2012) (Lynn, J.) (citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011)); *see also Digital Generation, Inc. v. Boring*, No. 3:12-CV-329-L, 2012 WL 315480, at *2-3 (N.D. Tex. Feb. 2, 2012) (Lindsay, J.).

Moreover, the Court may issue a temporary restraining order without notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney [or, if *pro se*, the movant] certifies in writing any efforts made to give notice and the reasons why notice should not be required."  Fed. R. Civ. P. 65(b)(1).

## II. APPLICATION

Preliminarily, the Court notes that Plaintiff's Complaint does not plead that Defendants were given notice of her application for a temporary restraining order.  The Court further finds that Plaintiff has neither verified her Complaint nor submitted an affidavit in connection with her request for injunctive relief, or described in her Complaint any efforts undertaken to give Defendants notice thereof.  Plaintiff's failure to meet the requirements of Rule 65(b)(1) is reason enough to deny her injunctive relief.  *See Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-429-G-BH, 2013 WL 705123, at *1 (N.D. Tex. Jan. 31, 2013) (Ramirez, M.J.), *adopted by*, No. 3:13-CV-429-G-BH, 2012 WL 705883 (N.D. Tex. Feb. 27, 2013) (Fish, J.).

More significantly, however, Plaintiff has not demonstrated her entitlement to a temporary restraining order against Defendants, which is a separate reason why this Court denies her this relief.  The Court has reviewed the allegations of Plaintiff's Complaint, and concludes that she has not demonstrated a substantial threat of irreparable injury should Mr. Cuban not be temporarily restrained from appearing on Shark Tank.  Because Plaintiff bears the burden of proving *each* of the four elements enumerated above to secure injunctive relief, the Court does not decide whether she has satisfied the other three elements.

### III.  CONCLUSION

For the reasons given, Plaintiff's request for a temporary restraining order against Defendants is **DENIED**.

**SO ORDERED**.

May 29, 2014.

                                        **BARBARA M. G. LYNN**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF TEXAS**